IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DUCKHEE LEE, IRENE LEE, and ADRIAN LEE, individually and on behalf of the Estate of JUNGSOON LEE<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | § § § § § § § § § § § § § § § § | No. 5:18-cv-00088 |

## ORIGINAL COMPLAINT

Plaintiffs DUCKHEE LEE, IRENE LEE, ADRIAN LEE, individually and on behalf of the Estate of JUNGSOON LEE, bring this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiffs complain of the United States of America and would show the following:

### PARTIES

1.1. This case arises out of bodily injuries caused by a United States Army employee, when he fell asleep at the wheel and rear-ended Plaintiff's car.

1.2. Plaintiffs are DUCKHEE LEE and the Estate of JUNGSOON LEE, deceased, and their children, ADRIAN LEE and IRENE LEE. Plaintiffs reside in Pittsburg, California.

1.3.    Defendant is the United States of America. Sgt. Andrew Mellick, at all times relevant to this lawsuit, was an active duty employee of the United States Department of Army, an agency of the United States of America.

## JURISDICTION, SERVICE, & VENUE

1.4.    This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–2680, commonly known as the Federal Tort Claims Act.

1.5.    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney John F. Bash, United States Attorney for the Western District of Texas by certified mail, return receipt requested at his office:

> United States Attorney's Office
> ATTN: Civil Process Clerk
> 601 NW Loop 410, Suite 600
> San Antonio, Texas 78216

1.6.    Service is also affected by serving a copy of the Summons and Complaint on Jeff Sessions, Attorney General of the United States, by certified mail, return receipt requested at:

> The Attorney General's Office
> ATTN: Civil Process Clerk
> 950 Pennsylvania Avenue, NW
> Washington, DC 20530-0001

1.7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is the Defendant, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES

1.8. This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671–2680, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the United States Department of the Army, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

1.9. The United States Department of Army is an agency of the United States of America. The Defendant United States of America, through its agency, the United States Department of Army, at all material times owned, operated, and controlled Fort Sam Houston, Texas and staffed its facilities and vehicles with its agents, servants and employees.

1.10. At all material times, Sgt. Andrew Mellick and all persons involved in supervising Sgt. Mellick were agents, servants, or employees of the United States of America or its agency, and were at all material times acting within the course and scope of their employment.

## JURISDICTIONAL PREREQUISITES

1.11. Pursuant to 28 U.S.C. §§ 2672 and 2675(a), the claims set forth here were filed with and presented administratively to the Department of Army on May 24, 2017.

On August 28, 2017, the United States of America finally denied, in writing and by certified mail, return receipt requested, the claims of the Lee family. This lawsuit was filed within six (6) months of the final denial of Plaintiff's claims.

1.12. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this suit.

## FACTS

1.13. This is a Federal Tort Claims Action for monetary damages sustained by Plaintiffs arising out of the personal injuries to DUCKHEE and JUNGSOON LEE as a result of the negligent operation of a vehicle by Sgt. Andrew Mellick.

1.14. On the evening of October 6, 2016, a vehicle fire at the 453-mile marker, on eastbound Interstate 10 had blocked and backed up traffic for at least two hours. The sky was cloudy. The weather and roadway was dry and without rain. Texas Troopers were present on the scene, directing traffic.

1.15. Sgt. Andrew Mellick was driving east on IH-10 towards Junction, Texas in a silver 2012 Chevrolet Silverado. He was dressed in a military uniform and, upon information and belief, under orders to return to Fort Sam Houston, Texas. Sgt. Mellick fell asleep at the wheel and crashed into the line of cars backed up at mile marker 450. The section of IH10 where the crash occurred is straight and vision was not impeded by hills, trees, or other natural features.

1.16. Upon information and belief, Sgt. Mellick was previously in Fort Huachuca, AZ completing training for the military. He was on Temporary Duty Status with specifically authorized travel to Texas in his personally-owned vehicle. Sgt.

Mellick was tired after a long drive late in the evening, driving to fulfill orders from his superiors employed by the United States. The United States of America, by and through its employees or agents, instructed—either expressly or impliedly— Sgt. Mellick to take the most direct route and provided him a limited amount of time to do so.

1.17. Sgt. Mellick crashed directly into a white Toyota Scion, with Duckhee Lee in the driver's seat. Jungsoon Lee was a passenger. Duckhee and Jungsoon were wearing their seatbelts. Sgt. Mellick was traveling over 85 miles per hour in an 80 mile per hour stretch of highway when he crashed into the Lee's car.  There were no skid marks left by Sgt. Mellick's truck, indicating that he did not apply his brakes.

1.18. Sgt. Mellick did not exercise reasonable care when he rear-ended the Lee car. He failed to exercise reasonable care when he fell asleep at the wheel. And he failed to exercise reasonable care when he exceeded posted speed limits. Pursuant to Texas Transportation Code § 545.353(a)(1) and § 545.353(h-1) exceeding the posted speed limit of 80 miles per hour on IH10 is prima facie evidence that such speed is not reasonable and prudent and is unlawful. Sgt. Mellick failed to obey Texas Transportation Code § 545.351(c)(5) when he failed to reduce speed and stop at the row of cars stopped as a result of a pre-existing road hazard.

1.19. Failure to keep a proper lookout, falling asleep at the wheel, speeding, or a combination of this conduct caused Sgt. Mellick to rear-end the Lee car. Sgt. Mellick had crashed into the Lee's car with so much force, the Lee car was forced into a Ford F250 pickup truck, which in turn crashed into a silver Chevrolet Dually pickup truck. All cars and trucks—other than Sgt. Mellick's—were stopped and waiting for the fire to clear.

1.20.    The Lee car was totaled. All windows were broken and demolished. There was extensive damage to all panels. The frame was demolished. There was roof damage from roll over effects. Air-flight was contacted and Mr. Duckhee Lee was in critical condition. Mrs. Jungsoon Lee was still trapped in the vehicle. Officers on the scene suspected that she was dead. Volunteer firefighters on the scene had to extract Mrs. Lee from the wreckage. Soon after, Air-flight arrived and transported Mr. Lee to Shannon Hospital. Mrs. Lee was extracted from the vehicle and pronounced dead at 12:20 am.

1.21.    Sgt. Mellick woke up, exited his vehicle and asked witnesses "Did I do this?" Sgt. Mellick refused medical attention multiple times. After the crash, Trooper Whitney Gardner approached Sgt. Mellick to ask him questions about the crash, but Sgt. Mellick said he wanted his lawyer and refused to answer any questions. Afterwards, Sgt. Mellick made a phone call. Soon after the call, an unknown United States Army employee in uniform arrived and talked to Sgt. Mellick. The two men waited and talked together until Sgt. Mellick's wife arrived to pick him up and drove him away from the scene.

1.22.    Texas troopers issued Sgt. Mellick a citation for failure to control speed. At the time of the crash, and at all times on October 6, 2016, Sgt. Mellick was subject to the military law and the Uniform Code of Military Justice. Initially, local and state authorities investigated pursuing vehicular manslaughter charges against Sgt. Mellick. Soon after, however, the United States military assumed full responsibility of the investigation and pursued criminal charges. The United States is currently conducting a criminal investigation court-martial of Sgt. Mellick arising out of this car wreck.

## CAUSE OF ACTION

1.23. Through its employees, agents, or servants, the Defendant, United States of America, was negligent in one or more of the following respects:

1.23.1. Negligent per se for failing to observe posted speed limits in violation of Tex. Transp. Code § 545.353(a)(1) and § 545.353(h-1);

1.23.2. Negligent per se for failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle in violation of Tex. Transp. Code § 545.351(b) and (c)(5);

1.23.3. Negligent for falling asleep while driving his vehicle;

1.23.4. Negligent for failing to slow down and drive to conditions;

1.23.5. Negligent for failing to maintain proper and safe control of his vehicle;

1.23.6. Negligent for failing to maintain a proper and safe speed of his vehicle;

1.23.7. Negligent for failing to maintain a safe and proper lookout for other vehicles;

1.23.8. Negligent for failing to stop for impeded traffic pursuant to trooper directions;

1.24. At all material times, the employees, agents, or representatives of the United States Government were negligent and caused the injuries sustained by Plaintiffs.

## DAMAGES

1.25. As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have occurred otherwise. Plaintiff

DUCKHEE LEE pleads for all damages available under Texas state law, federal law, and equity, including:

1.25.1. Past and future pain and suffering;

1.25.2. Past and future mental anguish;

1.25.3. Past and future physical impairment and disability;

1.25.4. Past and future physical disfigurement;

1.25.5. Past and future loss of income and impairment of earning capacity;

1.25.6. Past and future reasonable charges necessary for medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses and other health services;

1.25.7. Past and future reasonable and necessary expenses incurred for substitute domestic services;

1.25.8. Past and future loss of spousal household services, care, comfort, companionship, and society;

1.25.9. Past and future reasonable value of the loss of consortium with his wife, JUNGSOON LEE; and

1.25.10. Out-of-Pocket expenses.

1.26. ADRIAN LEE, on behalf of the Estate of JUNGSOON LEE, pleads for all damages available under Texas state law, federal law, and equity, including:

1.26.1. Loss of life and wrongful death of JUNGSOON LEE;

1.26.2. Physical pain, suffering, and discomfort of JUNGSOON LEE;

1.26.3. Mental anguish of JUNGSOON LEE;

1.26.4. Medical and healthcare expenses of JUNGSOON LEE;

1.26.5. Loss of earnings and earning capacity of JUNGSOON LEE;

1.26.6. Past and future loss of household services of JUNGSOON LEE;

1.26.7. Funeral and burial expenses of JUNGSOON LEE;

1.26.8. The loss of the care, maintenance, support services, and other reasonable contributions of pecuniary value that decedent in reasonable probability would have made to wrongful death beneficiaries;

1.26.9. The pecuniary value of the life of JUNGSOON LEE; and

1.26.10. The loss of enjoyment of life of JUNGSOON LEE;

1.27. IRENE LEE and ADRIAN LEE, the children of JUNGSOON LEE and DUCKHEE LEE, pleads for all damages available under Texas state law, federal law, and equity, including:

1.27.1. Loss of consortium with their mother, DUCKHEE LEE;

1.27.2. Past and future mental anguish;

1.27.3. Out of pocket expenses;

1.28. Plaintiffs, DUCKHEE LEE, IRENE LEE and ADRIAN LEE, individually and on behalf of the state of JUNGSOON LEE, plead for all other damages, pecuniary or otherwise, arising out of law or equity, that they may be justly and equitably entitled to, in the wisdom of the Court.

# PRAYER

Plaintiffs request that Defendant be cited in terms of law to appear and answer this Complaint; that upon final trial, the Plaintiffs have judgment against Defendant, for the amount of actual damages and for other and different amounts as they shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other relief, at law and in equity, both general and special, to which Plaintiffs may show themselves entitled to and to which the Court believes them deserving.

Respectfully Submitted,

/s/*Jamal K. Alsaffar*
JAMAL K. ALSAFFAR
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193
TOM JACOB
tjacob@nationaltriallaw.com
Texas State Bar #24069981
Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham, & Jacob PLLC
7500 Rialto Blvd, Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

GUY CHOATE
gdchoate@webbstokessparks.com
Texas State Bar #04212410
Webb, Stokes & Sparks, L.L.P.
314 W Harris Ave
San Angelo, TX 76903-6339
(325) 718-2048 (o)

Attorneys for the Plaintiff