**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DUCKHEE LEE, IRENE LEE, and** | ) | |
| **ADRIAN LEE, Individually an on Behalf** | ) | |
| **of the Estate of JUNGSOON LEE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO. SA-18-CA-0088-FB** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendants** | ) | |

**ORDER REGARDING DEFENDANT'S MOTION TO DISMISS FOR LACK**
**OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Before the Court are Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (docket #7), plaintiffs' response (docket #8) in opposition thereto and defendant's reply (docket #9) to plaintiffs' response. After careful consideration, the Court is of the opinion the motion should be denied.

<u>OVERVIEW</u>

This is a Federal Tort Claims Act ("FTCA") action against the United States for negligence damages arising out of the operation of a motor vehicle by a federal employee. Plaintiffs are Duckhee Lee and his adult children, individually and on behalf of the estate of Jungsoon Lee. Defendant moves for dismissal of plaintiffs' complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The parties dispute whether the complaint sufficiently alleges the tortfeasor, United States Army Sergeant Andrew Mellick, was acting within the scope of his federal employment when he allegedly caused the motor vehicle accident which severely injured Duckhee Lee and killed Jungsoon Lee.

BACKGROUND

Plaintiffs allege that, on October 6, 2016 at approximately 11 p.m., Army Sergeant Andrew Mellick ("Sgt. Mellick") was driving his privately owned vehicle heading eastbound on Interstate Highway 10 towards Junction, Texas.  He was in uniform, returning to Fort Sam Houston in San Antonio, Texas after completing an Army training course at Fort Huachuca in Arizona. Several hours before Sgt. Mellick reached the area at which the accident occurred, a vehicle fire had blocked the eastbound lanes of the interstate, creating a backup in traffic.  Duckhee Lee  and Jungsoon Lee were sitting in their vehicle, which was parked at the rear of the backup, as Sgt. Mellick's approached in his vehicle.  Sgt. Mellick's vehicle crashed into the Lees' vehicle, causing a chain reaction with two other vehicles stopped ahead. The impact caused the Lees' vehicle, a 2010 Scion, to roll over. Duckhee Lee was transported to the hospital and Jungsoon Lee was pronounced dead at the scene.

The Texas Highway Patrol investigation report indicated that multiple witnesses reported hearing Sgt. Mellick saying he had fallen asleep and that he had just woken up and witnessed the damage. Sgt. Mellick refused medical attention and also refused to answer questions posed by the investigating trooper at the scene, asking instead to speak to an attorney before answering any questions. Sgt. Mellick placed a call on his cell phone and shortly thereafter an Army employee in uniform arrived and talked to Sgt. Mellick.  The two men waited and talked together until Sgt. Mellick's wife arrived to pick him up and drove him away from the scene.

Sgt. Mellick was issued a citation for failure to control speed which he signed at the scene. Initially, state and local authorities investigated pursuing vehicular manslaughter charges against Sgt. Mellick, although the United States military assumed full responsibility of the investigation, pursued criminal charges, and is conducting a court-martial of Sgt. Mellick.

After completing the administrative process, plaintiffs filed against the United States seeking to hold defendant responsible for the negligent acts of Sgt. Mellick.  Specifically, plaintiffs allege the Army is liable for Sgt. Mellick's conduct under negligence and negligence per se theories of recovery because Sgt. Mellick was an employee of the Army acting within the scope of his employment at the time of the accident.

Defendant now moves to dismiss the complaint under rule 12(b)(6) on the ground that plaintiffs have failed to state a claim against the Army upon which vicarious liability relief can be granted. Defendant does not dispute Sgt. Mellick was the Army's employee at the time of the accident, but argues the complaint fails to allege sufficient facts to indicate Sgt. Mellick was within the scope of his employment at the time of the accident.

Defendant also moves to dismiss plaintiffs' complaint under rule 12(b)(1) for lack of subject matter jurisdiction on the ground that the FTCA does not waive the government's sovereign immunity from suit.  Here, defendant makes a summary judgment-type argument to rebut plaintiffs' allegations that Sgt. Mellick was acting in the scope of his employment when he caused the crash.  Specifically, defendant contends the evidence shows that Sgt. Mellick deviated from his training mission for personal reasons and, therefore, the Army is not liable for his conduct as a matter of law.

DISCUSSION

Rule 12(b)(1)

Dismissal of this case cannot be resolved under a rule 12(b)(1) analysis.  In *Montez v. Department of the Navy,* 392 F.3d 147, 150 (5th Cir. 2004), the Fifth Circuit Court of Appeals determined that a scope-of-employment dispute for purposes of an FTCA claim must be handled on the merits in order to give plaintiffs the appropriate procedural safeguards, *i.e.,* accepting plaintiffs'

allegations as true.  Accordingly, resolution of the jurisdictional issue under rule 12(b)(1) would be improper.  *Id.* ("[W]e follow our general rule in holding that a jurisdictional attack intertwined with the merits of an FTCA claim should be treated like any other intertwined attack, thereby making resolution of the jurisdictional issue on a 12(b)(1) motion improper.").

Because a jurisdictional challenge under the FTCA scope of employment inquiry cannot be resolved under rule 12(b)(1), some courts convert rule 12(b)(1) motions to dismiss into motions for summary judgment.  *Godwin v. United States,* Civil Action No. 3:14cv391-DPJ-FKB, 2015 WL 4644711, at *2 (S.D. Miss. Aug. 4, 2015) (collecting cases).  Other courts treat rule 12(b)(1) motions as motions for summary judgment motions without converting them.  *Id.*  (collecting cases).

Here, although both parties have relied on evidence outside the pleadings, defendant has not alternatively moved for summary judgment and plaintiffs object to addressing the motion under rule 56.  The Court therefore concludes in its discretion that, rather than treat defendant's rule 12(b)(1) motion to dismiss as a summary judgment motion or convert it into a summary judgment motion, defendant should make any evidentiary challenge it may continue to have in a separately filed summary judgment motion.

Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust,* 500 F.3d 454, 464 (5th Cir.2007) (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (alteration in original) (quoting *Twombly,* 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly,* 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly,* 550 U.S. at 558).

Defendant contends the complaint is subject to dismissal under rule 12(b)(6) because plaintiffs fail to allege any non-conclusory facts which support a reasonable inference that Sgt. Mellick was acting in the scope of his employment at the time of the accident.  To determine whether a negligent or wrongful act occurred within the scope of a particular federal employee's employment, the Court must

rely on the law of the state in which the wrongful action occurred, in this case Texas.  *See Bodin v. Vagshenian,* 462 F.3d 481, 484 (5th Cir.2006) (citing *Williams v. United States,* 350 U.S. 857 (1955); *Rodriguez v. Sarabyn,* 129 F.3d 760, 766 (5th Cir.1997)).  An employer in Texas is not liable for the acts of an employee unless the act was committed within scope of general authority of the employee, in furtherance of employer's business, and for the accomplishment of object for which the employee was hired.  *Painter v. Amerimex Drilling I, Ltd.,* No. 16-0120, 2017 WL 8794796, at \*4 (Tex. Apr. 13, 2018).

Applying this test to the present case, plaintiffs have sufficiently alleged Sgt. Mellick was acting in the scope of his employment at the time of the accident.  As plaintiffs note, the complaint alleges:

> Sgt. Mellick had completed training in Arizona for the military.  Sgt. Mellick was dressed in military uniform and under orders to return to Fort Sam Houston, Texas.  Sgt. Mellick was on Temporary Duty Status (TDY), with specific authorization to use his vehicle.  Sgt. Mellick was driving to fulfill orders of his superiors and he was taking the most direct route.

> Sgt. Mellick and his superior's post-wreck conduct allows a reasonable inference to be drawn that all believed he was acting within the scope of his employment.  Immediately after the car wreck, Sgt. Mellick made a phone call.  Uniformed military personnel arrived and discussed the situation with Sgt. Mellick.  Finally, after the wreck, the military assumed full responsibility for the investigation and court martial of Sgt. Mellick.

(citations to the complaint omitted).  Taking all well-pleaded allegations are taken as true, and drawing all reasonable inferences in plaintiffs' favor, the complaint states a claim for relief that: (1) Sgt. Mellick was on active military duty in Texas when the Army ordered him to travel to and attend a training program in Arizona; (2) this training program furthered the business of the Army by providing specialized training to its sergeant; and (3) by returning to his home base after completing the program, Sgt. Mellick was accomplishing the object of his employment by obtaining necessary specialized training for service as an Army sergeant at Fort Sam Houston in Texas.  Accordingly, plaintiffs have

sufficiently alleged for purposes of defendant's rule 12(b)(6) motion that Sgt. Mellick was acting within the scope of his employment at the time of the accident.

      IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (docket #7) is DENIED.

      It is so ORDERED.

      SIGNED this 31st day of May, 2018.

FRED BIERY
UNITED STATES DISTRICT JUDGE