**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DUCKHEE LEE, IRENE LEE, and ADRIAN LEE, individually and on behalf of the Estate of JUNGSOON LEE | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION No. 5:18-CV-00088-JP |
| UNITED STATES OF AMERICA | § § § | |
| Defendant. | § § § § | |

**UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS**
**FIRST AMENDED ORIGINAL COMPLAINT**

COMES NOW Defendant, The United States of America (hereinafter "United States"), by and through John F. Bash, United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney and files this, its Answer to Plaintiffs' Original Complaint (hereinafter "Complaint"), and would respond as follows:

1.      Defendant, United States, denies the allegation on Plaintiffs paragraph 1.1.

2.      In response to Plaintiffs' paragraph 1.2, Defendant admits that Duckhee Lee, the Estate of Jungsoon Lee, Adrian Lee and Irene Lee are Plaintiffs in this action.  Defendant admits, on information and belief, that Duckhee Lee lives in Pittsburg, California.  Defendant denies that Adrian Lee and Irene Lee live in Pittsburg, California.

3.      In response to Plaintiffs' paragraph 1.3, the United States admits that it is the Defendant in this action.  Defendant admits that SGT Andrew Mellick was on active duty with

the United States Army, an agency of the United States.

4.      In response to Plaintiffs' paragraph 1.4, Defendant admits only that Plaintiffs paragraph 2.1 asserts the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-2680 as the statutory basis of their cause of action. Defendant denies all remaining allegations.

5.      In response to Plaintiffs' paragraph 2.2 and 2.3, Defendant admits that it may be served in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.  All remaining allegations are denied.

6.      In response to Plaintiffs' paragraph 2.4, Defendant admits that venue is proper in this district because Plaintiffs assert that the alleged acts occurred within the district.

7.      In response to Plaintiffs' paragraph 3.1, Defendant admits that Plaintiffs assert 28 U.S.C. ¶¶2671-2680 as the statutory basis of their cause of action.  Defendant denies all remaining allegations.

8.      In response to Plaintiffs' paragraph 3.2, Defendant admits that the United States Army is an agency of the United States.  Defendant admits that the Department of the Army owns and operates Fort Sam Houston, Texas and that Fort Sam Houston employs both federal employees and independent contractors to operate the installation.  Defendant denies all remaining allegations.

9.      In response to Plaintiffs' paragraph 3.3, Defendant admits that SGT Andrew Mellick and his Army supervisors were employees of the United States at all relevant times. Defendant admits that all persons involved in training and supervising SGT Mellick were acting within the course and scope of their employment at all times relevant to this action. Defendant denies the remaining allegations.

10.    In response to Plaintiffs' paragraph 4.1, Defendant admits that on May 24, 2017, it received a claim for damages from Adrian Lee, obo Estate of Jungsoon Lee.  Defendant admits that on May 24, 2017, it received a claim by Duckhee Lee claiming damages.  Defendant admits that on May 24, 2017, it received a claim from Adrian Lee claiming damages.  Defendant admits that on May 24, 2017, it received a claim from Irene Lee claiming damages.  Defendant admits the Army denied Plaintiffs' claims on August 28, 2017.  Defendant further admits that this action was filed within six months of the final denial.

11.    In response to Plaintiffs' paragraph 4.2, Defendant admits the allegation.

12.    In response to Plaintiffs' paragraph 5.1, Defendant admits that Plaintiffs, pursuant to the Federal Tort Claims Act, have filed a claim for money damages resulting from alleged injuries to Duckhee and Jungsoon Lee.  All remaining allegations are denied.

13.    In response to Plaintiffs' paragraph 5.2, Defendant admits the allegations.

14.    In response to Plaintiffs' paragraph 5.3, Defendant admits that SGT Mellick was driving eastbound on IH-10 in a silver 2012 Chevrolet Silverado.  Defendant admits that SGT Mellick was wearing his uniform.  Defendant lacks sufficient information to either admit or deny the physical features of the road, or whether vision was impaired.  To the extent that an answer is required, Defendant denies those allegations.  Defendant denies the remaining allegations.

15.    In response to Plaintiffs' paragraph 5.4, Defendant admits that SGT Mellick had departed from Fort Huachuca, AZ after completing his training.  Defendant denies that SGT Mellick was specifically authorized to travel in his personally owned vehicle.  Defendant denies that SGT Mellick was driving to fulfill orders from his superiors or that he was required to be driving on the time of the accident, at night, or for an extended period as he was not required to report to his military unit until four days later, Tuesday October 10, 2016, at 6:00 am central

time. Defendant denies that SGT Mellick was either expressly or impliedly required to take the most direct route.  Defendant admits that SGT Mellick's superiors provided him a limited time to return to his duty station at Fort Sam Houston, Texas—that limited time period being four days, which period would end on Tuesday October 10, 2016, at 6:00 am central time. All remaining allegations are denied.

16.     In response to Plaintiffs' paragraph 5.5, Defendant admits that Duckhee Lee and Jungsoon Lee were in a white Toyota Scion.  Defendant denies the remaining allegations.

17.     In response to Plaintiffs' paragraph 5.6, Defendant denies the allegations. Defendant specifically denies that SGT Mellick was exceeding the speed limit at the time of the accident, as there is no evidence to support this allegation.

18.     In response to Plaintiffs' paragraph 5.7, admits that the Lee car was forced into a Ford F250 pickup truck, which in turn crashed into a silver Chevrolet Dually pickup truck. Defendant denies all remaining allegations.

19.     In response to Plaintiffs' paragraph 5.8, Defendant admits the Lee car was "totaled", that Mr. Duckhee Lee was taken by Air-Flight to Shannon Hospital.  Defendant further admits that Mrs. Lee was pronounced dead at 12:20 am.  Defendant lacks sufficient knowledge to either admit or deny the remaining allegations.  To the extent a response is required the allegations are denied.

20.     In response to Plaintiffs' paragraph 5.9, Defendant denies the allegations.

21.     In response to Plaintiffs' paragraph 5.10, Defendant admits that SGT Mellick was cited for failure to control speed. Defendant admits that, like all active duty military personnel, SGT Mellick was subject to the Uniform Code of Military Justice.  Defendant specifically denies that the United States is currently conducting a criminal investigation or court-martial of SGT

Mellick arising out of this car wreck.  Defendant lacks sufficient information to admit or deny the remaining allegations. To the extent a response is required, the allegations are denied.

22.     In response to Plaintiffs' paragraph 6.1, Defendant admits the allegations.

23.     In response to Plaintiffs' paragraph 6.2, Defendant admits that after graduation, SGT Mellick changed from his formal dress uniform into his military OCP uniform, which Army members are generally authorized to wear at all times.

24.     In response to Plaintiffs' paragraph 6.3, Defendant admits the allegation.

25.     In response to Plaintiffs' paragraph 6.4, Defendant admits that SGT Mellick was at Fort Huachuca, AZ on temporary duty for counterintelligence training. Defendant admits the SGT Mellick's permanent duty station was at Fort Sam Houston, Texas.  Defendant denies the remaining allegations.

26.     In response to Plaintiffs' paragraph 6.5, Defendant admits the allegation.

27.     In response to Plaintiffs' paragraph 6.6, Defendant admits the allegation.

28.     In response to Plaintiffs' paragraph 6.7, Defendant denies the allegation.

29.     In response to Plaintiffs' paragraph 6.8, Defendant denies the allegation.

30.     In response to Plaintiffs' paragraph 6.9, Defendant denies the allegation.

31.     In response to Plaintiffs' paragraph 6.10, Defendant admits the allegation.

32.     In response to Plaintiffs' paragraph 6.11, Defendant admits the allegation.

33.     In response to Plaintiffs' paragraph 6.12, Defendant admits that the Army prosecuted SGT Mellick in a Court-Martial proceeding.  The United States admits that one of the elements of the single charge against SGT Mellick was that his "conduct [was] of a nature to bring discredit upon the armed forces."  The Court-Martial found SGT Mellick not guilty of the charge against him.

34.     In response to Plaintiffs' paragraph 7.1, Defendant denies each and every allegation to include the allegations of each subparagraph.

35.     In response to Plaintiffs' paragraph 7.1.1, Defendant denies the allegations.

36.     In response to Plaintiffs' paragraph 7.1.2, Defendant denies the allegations.

37.     In response to Plaintiffs' paragraph 7.1.3, Defendant denies the allegations.

38.     In response to Plaintiffs' paragraph 7.1.4, Defendant denies the allegations.

39.     In response to Plaintiffs' paragraph 7.1.5, Defendant denies the allegations.

40.     In response to Plaintiffs' paragraph 7.1.6, Defendant denies the allegations.

41.     In response to Plaintiffs' paragraph 7.1.7, Defendant denies the allegations.

42.     In response to Plaintiffs' paragraph 7.1.8, Defendant denies the allegations.

43.     In response to Plaintiffs' paragraph 7.2, Defendant denies the allegations.

44.     In response to Plaintiffs' paragraph 7.3, Defendant denies the allegations.

45.     In response to Plaintiffs' paragraph 7.4, Defendant denies the allegations.

46.     The remaining paragraphs of Plaintiffs First Amended Complaint contain prayers for relief and do not require a response.  To the extent a response is required, Defendant denies the allegations and pleads as follows to each allegation:

47.     In response to Plaintiffs' paragraph 8.1, Defendant denies each and every allegation to include the allegations of each subparagraph.

48.     In response to Plaintiffs' paragraph 8.1.1, Defendant denies the allegations.

49.     In response to Plaintiffs' paragraph 8.1.2, Defendant denies the allegations.

50.     In response to Plaintiffs' paragraph 8.1.3, Defendant denies the allegations.

51.     In response to Plaintiffs' paragraph 8.1.4, Defendant denies the allegations.

52.     In response to Plaintiffs' paragraph 8.1.5, Defendant denies the allegations.

53.     In response to Plaintiffs' paragraph 8.1.6, Defendant denies the allegations.

54.     In response to Plaintiffs' paragraph 8.1.7, Defendant denies the allegations.

55.     In response to Plaintiffs' paragraph 8.1.8, Defendant denies the allegations.

56.     In response to Plaintiffs' paragraph 8.1.9, Defendant denies the allegations.

57.     In response to Plaintiffs' paragraph 8.1.10, Defendant denies the allegations.

58.     In response to Plaintiffs' paragraph 8.2, Defendant denies the allegations.

59.     In response to Plaintiffs' paragraph 8.2.1, Defendant denies the allegations.

60.     In response to Plaintiffs' paragraph 8.2.2, Defendant denies the allegations.

61.     In response to Plaintiffs' paragraph 8.2.3, Defendant denies the allegations.

62.     In response to Plaintiffs' paragraph 8.2.4, Defendant denies the allegations.

63.     In response to Plaintiffs' paragraph 8.2.5, Defendant denies the allegations.

64.     In response to Plaintiffs' paragraph 8.2.6, Defendant denies the allegations.

65.     In response to Plaintiffs' paragraph 8.2.7, Defendant denies the allegations.

66.     In response to Plaintiffs' paragraph 8.2.8, Defendant denies the allegations.

67.     In response to Plaintiffs' paragraph 8.2.9, Defendant denies the allegations.

68.     In response to Plaintiffs' paragraph 8.2.10, Defendant denies the allegations.

69.     In response to Plaintiffs' paragraph 8.3, Defendant denies the allegations.

70.     In response to Plaintiffs' paragraph 8.3.1, Defendant denies the allegations.

71.     In response to Plaintiffs' paragraph 8.3.2, Defendant denies the allegations.

72.     In response to Plaintiffs' paragraph 8.3.3, Defendant denies the allegations.

73.     In response to Plaintiffs' paragraph 8.4, Defendant denies the allegations.

**PRAYER FOR RELIEF**

The remaining paragraph of Plaintiffs First Amended Original Complaint is plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant states that Plaintiffs are not entitled to any relief in this action.

To the extent any specific allegations asserted by the Plaintiff in the Complaint is not specifically admitted, denied, qualified or explained, the allegation is denied.

**AFFIRMATIVE DEFENSES**

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' recovery is barred or limited by the provisions of the Texas law of comparative negligence.

3.      Negligent acts or omissions by federal employees, acting within the scope of their federal employment, did not cause the injuries and alleged damages and, therefore, they cannot recover for same against the Defendant, United States.

4.      Pursuant of 28 U.S.C. § 2675(b), Plaintiffs are prohibited from claiming or recovering an amount, if any, against Defendant, United States, in excess of that set forth in the administrative claim presented to the Department of the Army.

5.      Pursuant to 28 U.S.C. § 2674, Plaintiffs are proscribed from recovering any amount of prejudgment interest against the United States.   Additionally, post-judgment interest is only allowed pursuant to satisfying the requirements of statutory law.

6.      Pursuant to 28 U.S.C. §2412(d)(1)(A), Plaintiffs cannot recover attorney's fees from Defendant, United States, with respect to their FTCA cause of action.

7.     Defendant, United States of America is not liable for Plaintiffs' alleged injuries to the extent that another actor or actors' negligence was an intervening or superseding cause of the alleged injuries.

8.     Defendant, United States of America's liability, if any, should be reduced in proportion with its percentage of responsibility, if any.

9.     Defendant, United States of America is not liable for Plaintiffs' alleged injuries to the extent that another actor and actors had the last clear chance of avoiding the alleged injuries.

10.     Plaintiffs are limited in their recovery, if any, by the limitations imposed by applicable state or Fifth Circuit law limiting the amount of recovery available, to the extent that it is not inconsistent with the Federal Tort Claims Act.

11.     Plaintiff's injuries were proximately caused or aggravated, in whole or in part, by Plaintiffs own negligent acts or omissions.  Accordingly, they is not entitled to any recovery, or alternatively, their damages must be reduced proportionately.

12.     Pursuant to 28 U.S.C. § 2402, Plaintiffs are not entitled to a jury against the United States of America.

13.     Plaintiffs are not entitled to an award of costs except as provided for by 28 U.S.C. § 2412.

14.     Defendant, United States of America is not liable for Plaintiffs' alleged injuries to the extent that Plaintiff failed to mitigate same.

15.     To the extent the common or statutory law of Texas limits damages, limits defendant's liability, or Plaintiffs' cause of action, that law applies to this action against the United States of America to the extent that it is not inconsistent with the Federal Tort Claims Act.   In addition, to the extent the prevailing law of the Fifth Circuit limits damages or limits

defendant's liability of Plaintiffs' cause of action, that law applies to this action against the United States of America under the Federal Tort Claims Act.

16.     Attorney's fees are only recoverable as part of the judgment and not in addition thereto, and may not exceed the percentages specified in 28 U.S.C. § 2678.

17.     Defendant, United States of America is not liable for the negligent acts or omission of other actors.

18.     This Court lacks subject matter jurisdiction to consider some or all of the Plaintiffs' Complaint.

19.     In the event Defendant is found negligent in any manner, which negligence Defendant specifically denies, Defendant is entitled to a credit and/or set-off of benefits or payments, if any, that have been paid to, or on behalf of Plaintiff by the United States.

20.     Plaintiffs' relief, if any, is barred or limited by federal statute and state law theories of comparative responsibility, contribution, and/or settlement credits.  *See, e.g.*, 28 U.S.C. §§ 2674, 2678; 31 U.S.C. § 1304; TEX. CIV. PRAC & REM. CODE §§ 32.001 *et seq.* and 33.001 *et seq.*

WHEREFORE, Defendant, United States of America, having fully answered Plaintiffs' Complaint, requests that Plaintiffs' Complaint be dismissed with prejudice and without costs, and that the Defendant be granted its costs and attorney's fees, as well as such other and different relief that this Court deems just and proper, or to which the Defendant might otherwise show itself to be justly entitled.

Respectfully submitted,


**JOHN F. BASH**
**UNITED STATES ATTORNEY**


By:*Clayton R. Diedrichs*
**CLAYTON R. DIEDRICHS**
Assistant U.S. Attorney
Colorado Bar No. 16833
U.S. Attorney's Office
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216-5597
Tel. (210) 384-7310
Fax (210) 384-7312
Clayton.Diedrichs@usdoj.gov


**ATTORNEYS FOR DEFENDANT**
**UNITED STATES OF AMERICA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of September 2019, I electronically filed the foregoing, United States of America's Original Answer, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Jamal K. Alsaffar**
jalsaffar@nationaltriallaw.com
Tom Jacob
tjacob@nationaltriallaw.com
Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham & Jacob PLLC
7500 Rialto Blvd., Bldg. Two, Ste. 250
Austin, Texas 78735

**Tom Jacob**
Whitehurst, Harkness, Brees, Cheng, Alsaffar & Higginbotham
7500 Rialto Blvd Bldg Two, Ste 250
Austin, TX 78735
(512) 476-4346
Email: tjacob@nationaltriallaw.com

**Guy Choate**
gdchoate@webbstokessparks.com
Webb, Stokes & Sparks, L.L.P.
315 W. Harris Ave.
San Angelo, Texas 76903

*Attorneys for Plaintiffs*

*Clayton R. Diedrichs*
**CLAYTON R. DIEDRICHS**
**Assistant United States Attorney**