IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DUCKHEE LEE, IRENE LEE, and ADRIAN LEE, individually and on behalf of the Estate of JUNGSOON LEE <br><br> Plaintiffs <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant | No. 5:18-cv-00088-JKP |

# ORDER

On this day came on to be heard the Application to Establish the Duckhee Lee Special Needs Trust for the sole benefit of Duckhee Lee, an incapacitated person (hereinafter Duckhee Lee is sometimes referred to as the "Beneficiary," pursuant to Section 142.005 of the Texas Property Code, filed by Scott M. Bage, as guardian ad litem of the Beneficiary (hereinafter Scott M. Bage is referred to as the "Applicant," and the Court proceeded to hear the application upon a finding that due and proper notice of the application and hearing on the application have been given to all interested persons, and that the parties and all persons necessary for jurisdiction have appeared in person or by attorney.

The Court, having heard the evidence and having reviewed the application and the other documents filed herein, finds that it has jurisdiction and venue over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; that the Beneficiary is an incapacitated person as defined in Section 142.007 of the Code; that the Beneficiary is a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382c(a)(3); that there is no court-appointed guardian for the estate of the Beneficiary, and there is no proceeding pending for the appointment of such guardian; that it would be in the best interest of the Beneficiary for this Court to enter an order and decree establishing a trust for the sole benefit of the Beneficiary in accordance with the provisions of Section 142.005 of the Texas Property Code; and that Capital First Trust Company should be appointed to serve as the Trustee of the trust.

It is, therefore, ORDERED by the Court as follows:

1. The Court hereby establishes the Duckhee Lee Special Needs Trust for the sole benefit of the Proposed Beneficiary pursuant to Section 142.005 of the Texas Property Code, having the terms and provisions set forth in Exhibit "A";
2. The Court hereby appoints Capital First Trust Company (the "Trustee"), a financial institution (as defined by Section 201.101, Texas Finance Code) that has trust powers and exists and does business under the laws of the State of Texas or another state in the United States, to serve as the Trustee of the Duckhee Lee Special Needs Trust;
3. The Court orders the net cash lump-sum amount within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, allocated for the benefit of the Beneficiary in this cause be paid to the Trustee, to be held, invested, administered and distributed by the Trustee as provided in this decree and the trust established by this decree; and
4. The Trustee shall be entitled to receive for its services a fair and reasonable compensation not exceeding the Trustee's regularly

published fee schedule for such services, and shall be reimbursed for all reasonable expenses incurred in connection with the administration of the trust. The Court hereby prospectively approves the Trustee's fees for as long as those fees do not exceed the Trustee's regularly published fee schedule; provided that the Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate.

It is so ORDERED.

SIGNED on this _____ day of _____, 2020.

_____
HON. JUDGE JASON K. PULLIAM

NOTICE: THE BENEFICIARY AND CERTAIN PERSONS INTERESTED IN THE WELFARE OF THE BENEFICIARY MAY HAVE REMEDIES UNDER SECTION 114.008 OR 142.005 OF THE TEXAS PROPERTY CODE.

NO. 5:18-cv-00088

## EXHIBIT A

### TRUST AGREEMENT

### FOR THE

### DUCKHEE LEE SPECIAL NEEDS TRUST

This Trust Agreement is established as recommended by Scott M. Bage, as guardian *ad litem* of Duckhee Lee (hereinafter referred to as the "*Beneficiary*"), to the Court in litigation pending in the United States District Court for the Western District of Texas, San Antonio Division (the "*Court*"), in Civil Action No. 5:18-cv-00088, styled, *Duckhee Lee, Irene Lee, and Adrian Lee, individually and on behalf of the Estate of Jungsoon Lee, Plaintiffs vs. United States of America, Defendant.* The Beneficiary was born on March 12, 1960. The Beneficiary is an incapacitated person as defined in Section 142.007 of the Texas Property Code, and the Beneficiary is a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382c(a)(3). The Court has specifically reviewed and approved this trust pursuant to the Decree of Court Establishing the Duckhee Lee Special Needs Trust to which this Trust Agreement is attached. This Trust Agreement is intended to comply with the requirements of a special needs trust pursuant to the provisions of 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, and shall be construed in accordance with such intent.

Capital First Trust Company (the "*Trustee*"), a financial institution (as defined by Section 201.101, Texas Finance Code), shall serve as the initial Trustee of this trust.

## ARTICLE I.

### Trust Estate

The assets and properties described on Schedule A, attached to and incorporated by reference into this Trust Agreement, which are being paid pursuant to the settlement agreement reached by the parties in the above-styled and numbered cause are hereby transferred and assigned unto the Trustee by the Court to be held, invested, administered, and distributed by the Trustee for the benefit of the Beneficiary under the terms, provisions, conditions, and limitations set forth in this instrument. The funds shall at no time become available to the Beneficiary, be placed in his possession, or come within the control of his guardians, except as otherwise provided herein.

## ARTICLE II.

### Irrevocable

This trust shall be irrevocable and shall not be subject to revocation by the Beneficiary or a guardian of the Beneficiary's estate.

## ARTICLE III.

### Distributions and Termination

A. <u>Purpose of Trust</u>. The principal purpose and intent of the Court and the parties hereto is to provide a system for management, investment, and disbursement of the settlement proceeds for the benefit of the Beneficiary. The secondary intention of the Court and the parties hereto is to provide for the continuing conservation and enhancement of the settlement proceeds to supplement all other financial and service benefits to which the Beneficiary might be eligible as a result of his disability from any local, county, state, or federal agency, or through any public or private profit or nonprofit corporations or agencies.

    1. It is not the intent of the Court or parties hereto to place the settlement proceeds in trust for the purpose of qualifying the Beneficiary for state welfare benefits. However, it is likely that the settlement proceeds will be insufficient to meet all of the Beneficiary's possible future disability related needs for the remainder of his life. Thus, it is possible that such benefits may be sought in the future, notwithstanding the assets that have been directed by the Court to this supplemental and discretionary trust.

2. This trust is being established at the specific direction of the Court, and therefore the assets directed to this trust by the Court should not be deemed to have been or to be available to the Beneficiary. This trust is established under the jurisdiction, at the direction, and with the specific approval of the Court without transfer of ownership of the settlement proceeds to the Beneficiary or his legal guardians.

3. It is the intention of the Court and the parties hereto to provide benefits for the Beneficiary without interfering with or reducing the benefits he would be entitled to receive from any state or federal agency, including the State of California Department of Health Care Services or its successor agencies and the United States Social Security Administration, and to maximize the benefits available to him. This trust is explicitly intended to be a discretionary trust and not a basic support trust, and the trust assets are intended to be used to supplement other benefits that the Beneficiary might be entitled to receive.

4. Further, it is not the intent of this Court that the settlement proceeds shall be used to excuse the obligations of any person to provide for the Beneficiary's continuing maintenance and basic support under the laws of the State of California or another state in the United States. Payments from this trust are intended to be supplemental to such support obligations and shall not supplant the basic support obligations as determined by the laws of the State of California or another state in the United States.

5. Notwithstanding the foregoing, it is acknowledged that the Trustee is a financial institution and is neither licensed nor skilled in the field of social services and/or governmental assistance programs. The Beneficiary's legal guardian or other legal representative, if any, shall be responsible for identifying programs that may be of social, financial, developmental, or other assistance to the Beneficiary, including seeking the assistance of federal, state, and local agencies that have been established to help the handicapped or disabled, and other similar resources. The Trustee may cooperate with and assist the Beneficiary's legal guardians or other legal representative, if any, but shall have no duty or responsibility to determine which programs are available to the Beneficiary. The Trustee shall not in any event be liable to the Beneficiary or any other party with respect to any aspect of the Beneficiary's eligibility for federal, state, or local public assistance benefits or programs, including, but not limited to, the failure to identify each and every program or resource that might be available to the Beneficiary on account of any handicap or disability.

B. Distributions. The Trustee shall have complete discretion to pay or use so much or all of the net income and/or corpus of the trust as the Trustee, in its sole discretion, may determine, to the legal or natural guardian or person having custody of the Beneficiary, or by expending such amounts directly to or for the benefit of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. Any undistributed income shall be accumulated and added to the corpus of the trust. All income and corpus distributed to the Beneficiary and all undistributed income and corpus held in this trust shall be considered as

the separate property, not the community property, of the Beneficiary to the extent permitted under the Constitution and laws of the State of Texas or another State in the United States.

1. In exercising the Trustee's discretion in making distributions from the net income and/or corpus of the trust, it is the intent, but not the direction, of this Court, that the Beneficiary live in pleasant, healthy, and comfortable surroundings and that the net income and/or corpus of the trust be paid out or used by the Trustee to whatever extent is appropriate to make available to the Beneficiary the best facilities and provisions for his health, education, and welfare that shall, in the sole discretion of the Trustee, be deemed reasonable, desirable, and appropriate. The express purpose of this trust is to provide for the Beneficiary's extra and supplemental needs, over and above the benefits he otherwise receives as a result of his handicap or disability from any local, state, or federal governmental source or from private agencies, any of which provide services or benefits to disabled persons. By way of illustration, the Trustee may purchase those goods or services which shall enhance the Beneficiary's development and welfare and provide for his special needs and/or supplemental needs, including but not limited to:

    a. Dental care;

    b. Unreimbursable medical expenses, including plastic and reconstructive surgery, diagnostic work and treatment, rehabilitative training and experimental medical services;

    c. Ophthalmic and auditory care;

    d. Psychological support services;

    e. Recreation, cultural experiences, and transportation of the Beneficiary;

    f. Expenditures to foster the interests, talents and hobbies of the Beneficiary;

    g. Personal property and services which will make life more comfortable and enjoyable for the Beneficiary but will not defeat the Beneficiary's eligibility for public assistance;

    h. Funeral and burial costs;

    i. Personal care needs;

    j. Supplemental nursing care;

    k. Physical therapy or rehabilitation;

l. Similar care which other assistance programs may not otherwise provide;

m. Entertainment items (such as a television, computer, DVD player, MP3 player, or the like);

n. Evaluations of training and educational programs;

o. Expenditures to engage therapists and others to provide physical, occupational, aquatic, or other therapy or procedures for the Beneficiary, either at the Beneficiary's home or at the therapist's (or other provider's) regular office or treatment center;

p. Pay nutritionists, case workers, and other health or medical advisors; and

q. Pay nurses, nurses' aides, companion sitters or others to care for the Beneficiary.

2. During periods of time that the Beneficiary is not eligible for and/or has not applied for means-tested governmental public assistance benefits (such as SSI, Medicaid, etc.), the Trustee shall have sole and absolute discretion as to the amount, timing, and purposes of any distributions from the net income and/or corpus of the trust for the benefit of the Beneficiary. On the other hand, during periods of time that the Beneficiary is receiving means-tested governmental public assistance benefits, the Trustee is specifically prohibited from expending any of the net income or corpus of the trust for any property, assistance, services, benefits, or medical care that is or otherwise would be available to the Beneficiary from any governmental source or from any insurance carrier required to cover the Beneficiary if, and only if, an application for such property, assistance, services, benefits, or medical care has been filed for the Beneficiary, or if he is receiving such assistance from a source that requires such restriction by its rules. In such case, and if the Beneficiary has applied for and/or is receiving assistance that requires such limitation, the Trustee may use trust property to supplement, but not to supplant, services, benefits, assistance, and medical care being received by the Beneficiary through any governmental resource so requiring the limitation.

3. It is recognized that there may be circumstances during the existence of this trust wherein it may be in the best interests of the Beneficiary to forfeit or forego the receipt of means-tested governmental public assistance benefits in order to avoid the restrictions on trust distributions and other requirements involved in the administration of a special needs trust. The responsibility for making this determination (as to whether it is in the Beneficiary's best interests to forfeit or forego means-tested governmental public assistance benefits for which the Beneficiary may be eligible) shall rest solely with the Beneficiary or the Beneficiary's legal guardian or other legal representative and not with the Trustee. The Trustee shall be entitled to rely upon written evidence that the

Beneficiary or the Beneficiary's legal guardian or other legal representative has complied with any notice requirements to the appropriate administrative agencies that the Beneficiary is ineligible for or voluntarily elects not to apply for and/or receive any means-tested governmental public benefits. The Trustee, in its sole discretion, shall determine the written documentation necessary to establish that the Beneficiary is not receiving any means-tested governmental public assistance benefits. Upon receipt of such written evidence satisfactory to the Trustee, the Trustee may administer the trust as a discretionary trust (and not as a special needs trust) until such time as (i) the Trustee receives written information that the Beneficiary (or the Beneficiary's legal guardian or other legal representative) has applied for or is receiving means-tested governmental public assistance benefits or (ii) the trust terminates.

4. In determining distributions to or for the benefit of the Beneficiary, the Trustee may consider all of the facts and circumstances in existence at the time of the Trustee's determination, including but not limited to: (i) the value of the assets of the trust; (ii) the standard of living to which the Beneficiary shall have been accustomed prior to the creation of the trust; (iii) any known resources of the Beneficiary; (iv) the ability of any person who is legally obligated to support the Beneficiary to do so; and (v) the ability of the Beneficiary to earn funds for the Beneficiary's own support and maintenance.

5. The Trustee may pay any premiums, co-payments, and/or deductibles for health care insurance for the Beneficiary.

6. The Trustee shall be authorized to pay any income tax liability of the Beneficiary which results from income received by the trust. The funds used to pay this income tax liability shall be paid directly to the appropriate taxing authority and shall not be available to the Beneficiary or be counted as a disqualifying resource against the Beneficiary. The Beneficiary shall not have any right to or interest in any of these funds paid by the Trustee. Further, these funds are not a resource of the Beneficiary and should not be treated as a distribution of income for purposes of medical assistance qualification or continuation.

C. <u>Termination of Trust</u>. The trust shall terminate upon the death of the Beneficiary. Upon termination of the trust, to the extent required by applicable law, the Trustee shall distribute the remaining trust assets to the State of California or such other state that provides Medicaid benefits to the Beneficiary up to an amount equal to the total medical assistance paid on behalf of the Beneficiary under the Medicaid plan of each state that furnished medical assistance on behalf of the Beneficiary. If assets remain in the trust after making the reimbursement payments to the state's Medicaid plan in accordance with the preceding sentence, then the Trustee shall divide the remaining trust assets into as many equal shares as there are children of the Beneficiary who are then living and deceased children of the Beneficiary who have one or more descendants who are then living. Each share for the descendants of a deceased child of the Beneficiary shall be further divided into separate shares for those descendants on a per stirpes basis; or if no descendant of the Beneficiary is then living, then the Trustee shall distribute the remaining trust assets to the Beneficiary's heirs who are then living. Each share of

the trust estate allocated to a descendant of the Beneficiary who has attained the age of 21 shall be distributed to such descendant outright and free of trust. Each share of the trust estate allocated to a descendant of the Beneficiary who has not attained the age of 21 shall not be distributed to such descendant outright but instead shall be delivered to the Trustee of the LEE CONTINGENT TRUST established in Article IV of this Trust Agreement, to be held in a separate trust for the benefit of such descendant.

## ARTICLE IV.

## LEE CONTINGENT TRUST

The LEE CONTINGENT TRUST shall be held by the Trustee subject to the following provisions:

A. <u>Trust for Beneficiary under Age 21</u>. Any share of the trust estate for the benefit of a descendant of the Beneficiary who has not reached the age of 21 (hereinafter referred to as a "*beneficiary*") shall be held as a separate trust for the benefit of that beneficiary and named for that beneficiary. Each trust established under this Article IV shall be irrevocable.

B. <u>Distributions</u>. During the existence of a trust, the Trustee shall distribute to the beneficiary so much or all of the net income and/or corpus of the beneficiary's trust at such times and in such amounts and manner as the Trustee may determine to be necessary or appropriate for the health, education, maintenance, and support of the beneficiary. In exercising the Trustee's discretion in making distributions under this paragraph B, the Trustee shall take into consideration any other sources of support (both principal and income) which the beneficiary may have to the knowledge of the Trustee; in addition, the Trustee shall take into consideration the earning potential of the beneficiary and his or her spouse. The Trustee shall give preference to and be liberal with the educational needs of a beneficiary. Any undistributed income shall be accumulated and added to the corpus of the trust or share.

C. <u>Termination</u>. When the beneficiary reaches the age of 21, the trust shall terminate, and the Trustee shall distribute to the beneficiary all of the assets of the trust. If the beneficiary dies before receiving all of the assets of his or her trust, then upon the death of the beneficiary, the trust shall terminate, and the Trustee shall distribute all of the beneficiary's trust to his or her then living descendants, per stirpes; or, if no descendant of the beneficiary is then living, the Trustee shall distribute all of the beneficiary's trust to his or her then living siblings and descendants of deceased siblings, per stirpes, or, if none, to the Beneficiary's then living descendants, per stirpes; or, if no descendant of the Beneficiary is then living, the Trustee shall distribute all of the beneficiary's trust to the Beneficiary's heirs who are then living. Notwithstanding any other provision of this Trust Agreement to the contrary, if any share of a trust is distributable to a descendant of the Beneficiary who has not attained the age of 21 years, then such share shall not be distributed to such descendant outright but shall instead be delivered to the Trustee of the LEE CONTINGENT TRUST established under this Article IV, to be held in a separate trust for the benefit of such descendant (or, in the Trustee's discretion, added to a trust already established under this Article IV for such descendant).

D.  **Dealing with Guardian.** The Trustee, in making any distributions for the benefit of any legally incompetent beneficiary, shall give liberal interpretation to the discretionary authority conferred by this Trust Agreement in order to alleviate any burden on the legal guardian of the person of any legally incompetent beneficiary and on such guardian's family which might be caused in any way by the presence of the beneficiary in the guardian's home, all to the end that each beneficiary and the guardian of his or her person be able to maintain, as nearly as possible, the standard of living to which each has been accustomed.

E.  **Restrictions on Certain Distributions.** Notwithstanding any provision to the contrary contained in this Trust Agreement, any distribution to be made upon termination of a trust or share to a beneficiary or class of beneficiaries whose share is otherwise directed to be held in trust under any provision of this Trust Agreement shall not be distributed outright to the beneficiary or beneficiaries but instead shall be held in trust as so provided.

## ARTICLE V.

### Trustee

A.  **Appointment.** CAPITAL FIRST TRUST COMPANY shall serve as the Trustee of each trust established under this Trust Agreement. All references in this instrument to *"Trustee"* shall refer to the Trustee then serving as such.

B.  **Successor Trustee.** If at any time there is a vacancy in the position of Trustee, the Court shall appoint a successor Trustee. A successor Trustee may be any financial institution (as defined by Section 201.101, Texas Finance Code) that has trust powers and exists and does business under the laws of the State of Texas or another state in the United States.

C.  **Trustee Reorganization.** Any corporation that shall succeed (by purchase, merger, consolidation, or otherwise) to all or the greater part of the assets of any corporate Trustee shall succeed to all the rights, duties, and powers of such corporate Trustee, as Trustee of this trust.

D.  **Resignation of Trustee.** A Trustee may resign upon application to and order of the Court. Upon filing an application to resign, the Trustee shall immediately provide a copy of the application to the Beneficiary, or if the Beneficiary is an incapacitated person, to the Beneficiary's legal guardian or other legal representative. The Trustee shall continue serving until its resignation is approved by the Court and a successor Trustee is appointed by the Court in accordance with the provisions provided in paragraph B above.

## ARTICLE VI.

### General Trust Provisions

A.  **Compensation.** The Trustee shall be entitled to receive fair and reasonable compensation for services as Trustee to be paid from the trust's income, corpus, or both on application to and approval of the Court; provided, however, that the Trustee's compensation

shall not exceed the Trustee's regularly published fee schedule for such services. The Court hereby prospectively approves the Trustee's fees for as long as such fees do not exceed the Trustee's regularly published fee schedule; provided that the Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate. The Trustee shall also be reimbursed for all reasonable expenses incurred in connection with the administration of the trust.

B. <u>Bond</u>. No bond or any other security shall be required of any Trustee.

C. <u>Liabilities</u>. This instrument shall always be construed in favor of the validity of any act or omission of any Trustee, and a Trustee shall not be liable for any act or omission except in the case of negligence, bad faith, or fraud. This trust is established pursuant to Court order, and the Trustee shall not be responsible or liable to the Beneficiary or to any other person on account of any action that the Trustee may take (or elect to forego taking) in the Trustee's good faith reliance on any order of the Court.

D. <u>Accountings</u>. The Trustee shall furnish an annual accounting to the Beneficiary or the Beneficiary's legal guardian or other legal representative upon reasonable demand made therefor. If and to the extent required by the Court or a successor Trustee, an accounting for the administration of the trust shall also be given to the successor Trustee. A successor Trustee shall be fully protected in relying upon such accounting and also in not requiring such an accounting from its predecessor. Subject to any additional requirements imposed by the Court, the Trustee's usual computer statements shall suffice for any accounting.

E. <u>Spendthrift Provision</u>. The Beneficiary shall not have the power to anticipate, encumber, or transfer his interest in the income or corpus of this trust in any manner. No part of the income or corpus of this trust shall be liable for or charged with any debts, contracts, liabilities, or torts of the Beneficiary or subject to any divorce proceeding or seizure or other process by any creditor of the Beneficiary.

F. <u>Situs of Trusts</u>. This trust shall be deemed a Texas trust and shall be governed by the laws of Texas.

G. <u>Powers and Duties of Successor Trustee</u>. Subject to any order of the Court, upon the appointment and qualification of any successor Trustee, the same duties shall devolve on and the same rights, powers, authorities, privileges, and discretions shall inure to the successor Trustee as to the initial Trustee, and no successor Trustee shall have any duty, responsibility, obligation, or liability whatsoever for the acts, defaults, or omissions of any predecessor Trustee.

H. <u>Fiduciary Obligation</u>. The broad powers herein conferred upon the Trustee shall always be exercised only in a fiduciary capacity, and nothing herein shall be construed to limit the fiduciary obligation of the Trustee.

## ARTICLE VII.

### Powers of Trustee

The Trustee shall have all of the rights, powers, and privileges granted to a trustee by the Texas Trust Code and all of the following rights, powers, and privileges, unless specifically limited by other provisions of this instrument:

A. <u>Partitions, Distributions</u>. The Trustee shall have full power and authority to make all partitions, divisions, and distributions under this instrument, by allocating assets and property proportionately in kind or by allocating undivided interests therein in kind. Any partition, division, or distribution made by the Trustee in good faith shall be binding and conclusive on all interested parties.

B. <u>Methods of Payment</u>. Any distribution directed to be made to the Beneficiary may be made to or for the benefit of the beneficiary in any manner authorized by Texas Property Code Section 142.005 that the Trustee deems advisable, including payment to the legal or natural guardian or person having custody of the Beneficiary, or payment directly to the Beneficiary or for the benefit, support, or maintenance of the Beneficiary without the intervention of any legal guardian or other legal representative of the Beneficiary. Any distribution under this paragraph shall be a full discharge of the Trustee with respect to that distribution.

C. <u>Conservation of Trust Properties</u>. The Trustee may hold, manage and conserve any and all properties transferred to the trust and may take any action that the Trustee may deem necessary or appropriate, including the exercise of all rights and powers that a prudent owner would exercise in managing and conserving properties of a like kind.

D. <u>Dealings with Third Parties</u>. The Trustee may deal with any person or entity regardless of any relationship or identity of any Trustee to or with that person or entity and may hold or invest all or any part of the trust assets in common or undivided interests with that person or entity. Sections 113.052 through 113.055 of the Texas Trust Code shall not apply to the trust except to the extent they cannot be waived.

E. <u>Investment in Securities</u>. The Trustee may buy, sell, or trade any security of any nature (including common trust funds, stocks, stock rights, warrants, bonds, debentures, notes, certificates of interest, certificates of indebtedness, and options) or any other things of value issued by any person, firm, association, trust, corporation, or body politic whatsoever.

F. <u>Distributions to Purchase a Vehicle</u>. The Trustee may, within its sole discretion, at any time and from time to time, make distributions from the net income and/or principal of the Trust for the purpose of purchasing or otherwise acquiring a vehicle suitable for the transportation of the Beneficiary and the legal or natural guardian or person having custody of the Beneficiary. The Trustee may, within its sole discretion, make distributions from the income and/or principal of the Trust for the purpose of replacing any such vehicle with a comparable vehicle at any time and from time to time, but the cost of any replacement vehicle shall be

reduced by the trade-in value of the previous vehicle. The vehicle shall be registered and titled either in the name of the Beneficiary or in the name of a parent or legal guardian of the Beneficiary. The expenses of repairs, routine maintenance, personal property taxes, and insurance on the vehicle may be paid from the net income and/or principal of the Trust by the Trustee to the extent that such payments will not jeopardize the Beneficiary's eligibility for Medicaid, SSI, or any other welfare and/or governmental benefits in which the best interests of the Beneficiary should be maintained and preserved.

G.  Distributions to Modify and/or Purchase and/or Replace Residence. The Trustee may, within its sole discretion, at any time and from time to time, make distributions from the net income and/or principal of the trust for the purpose of modifying and/or improving any principal residence of the Beneficiary and/or to purchase, replace, or otherwise acquire real property to be used and occupied by the Beneficiary as the Beneficiary's principal residence. Title to the residence shall be in the name of the Trust, the Beneficiary, or in the name of the legal guardian of the Beneficiary. If the title to the residence is not placed in the name of the Trust and is placed in the name of a person other than the Beneficiary, then the deed must specify that such person is holding title in his or her name as trustee for the benefit of the Beneficiary; and, further, that if the residence is sold, the net sales proceeds shall be paid to the Trustee of this Trust if such Trust is in existence; otherwise, to the Beneficiary if he is then living; or, if this Trust is not then in existence and the Beneficiary is not then living, then the net sales proceeds shall be paid to the personal representative of the Beneficiary's estate to be administered as part of his general probate estate. Notwithstanding any provision in this Trust Agreement to the contrary, to the extent that the Beneficiary's eligibility for Medicaid, SSI, or any other welfare and/or governmental benefits will not be jeopardized in which it is in the best interests of the Beneficiary to maintain and preserve such benefits, the Beneficiary shall have the right to use and occupy any residence held in this trust as the Beneficiary's principal residence rent free and without charge except for taxes and other costs for life, and, upon request from the Beneficiary (or if the Beneficiary is an incapacitated person, then the Beneficiary's legal guardian or other legal representative), the Trustee shall pay all mortgage principal and interest, repairs and maintenance, improvements, taxes, insurance, and other expenses associated with the purchase, replacement, care, and maintenance of any such residence.

H.  Investment in Undivided Interests. The Trustee may invest in one or more assets, properties, or consolidated funds, in whole or in part, as the Trustee may deem advisable.

I.  Investment in Partnerships. The Trustee may purchase or otherwise acquire an interest in any partnership conducting a lawful business, transfer trust property to any partnership which will conduct or is conducting any lawful business, or become either a general or limited partner of any such partnership.

J.  Selection and Retention of Investments. Any property acquired by the Trustee and at any time constituting any part of the trust shall be deemed a proper investment, and the Trustee shall be under no obligation to dispose of or convert such property. Investments need not be diversified, may be of a wasting nature, and may be made or retained with a view to possible increase in value. The Trustee may invest all funds available for investment at any time that the

Trustee may deem advisable in such investments as the Trustee may be permitted to make pursuant to the terms of this instrument. The Trustee, unless otherwise herein specifically prohibited, shall have as wide a latitude in the selection, retention and making of investments as an individual would have in retaining or investing his or her own funds and shall not be limited to nor bound or governed by any statute or regulation respecting investments.

K. __Holding Title to Investments__. The Trustee may hold title to investments in the name of the Trustee or a nominee. If the trust owns assets located in a jurisdiction in which the Trustee cannot be authorized to act, then the Trustee may appoint any national bank authorized to act in such jurisdiction as trustee of such assets and confer on such trustee any power as may be necessary in the premises, but, in any event, such trustee shall account for all net income and/or net proceeds from the sale of such assets to the Trustee acting hereunder.

L. __General Powers__. The Trustee may sell, exchange, alter, mortgage, pledge, or otherwise dispose of trust property; borrow any sum believed by the Trustee to be necessary or desirable for protecting the trust or any part thereof, making any income or corpus payment or distribution, or for any other purpose which in the Trustee's opinion may be appropriate; pay all reasonable expenses; execute obligations, negotiable and nonnegotiable; join in, by deposit, pledge, or otherwise, any plan of reorganization or readjustment of any investments of the trust, and vest in a protective committee or other legal entity such power as in the Trustee's opinion may be desirable; and sell for cash and/or credit all or any part of the trust estate.

M. __Power to Vote Stock__. The Trustee may vote shares of stock in person or by proxy, with or without power of substitution; exercise and perform any and all rights, privileges, and powers inuring to the holder of any stock or security comprising at any time a part of the trust, and exercise by agent or attorney-in-fact any right appurtenant to any property or matter in which the trust may be interested.

N. __Protection of the Trust Estate__. The Trustee may protect, perfect and defend the title to any trust property; sue and be sued; enforce any bonds, mortgages or other obligations or liens owned by the trust; compromise, arbitrate, or otherwise adjust claims in favor of or against the trust; waive or release rights of any kind; and abandon any property considered by the Trustee to be worthless.

O. __Notes, Mortgages, and Foreclosures__. The Trustee may, at any time, reduce the rate of interest payable on any bond, note, or other security owned by the trust; continue mortgages upon and after maturity, with or without renewal, or extend the same upon such terms as seem advisable to the Trustee without reference to the value of the security at the time of such continuance; modify or release any guaranty or mortgage; as an incident to collection of any bond or note, foreclose and bid in the property at foreclosure sale, acquire the property by deed from the mortgagor or obligor without foreclosure and retain the property so bid in or taken over without foreclosure.

P. <u>Insurance</u>. The Trustee may carry such insurance coverage (in stock companies or in mutual companies), including public liability, property damage, and life insurance, for such hazards and in such amounts as the Trustee may deem advisable.

Q. <u>Employ and Compensate Agents and Representatives</u>. The Trustee may employ and compensate agents and other employees, including attorneys, accountants, and investment advisers, and may delegate to them any and all discretions and powers. The Trustee shall not be liable for any act or omission of an agent if the agent was selected and retained by the Trustee with due care and the Trustee neither knew nor should have known that the agent or representative was breaching his or her duties.

R. <u>Establish and Maintain Reserves</u>. Out of rents, profits, or other income received, the Trustee may set up reserves for taxes, assessments, insurance premiums, repairs, improvements, depletion, depreciation, obsolescence, and general maintenance of buildings or other property.

S. <u>Power to Determine Income and Corpus</u>. Stock dividends and capital gains shall be treated as corpus. Except as herein otherwise specifically provided, the Trustee shall determine the manner in which expenses are to be borne and receipts credited between corpus and income and what shall constitute income, net income, and corpus. In determining such matters, the Trustee may give consideration to, but shall not be bound by, the provisions of the Texas Trust Code.

T. <u>Liability of Third Party</u>. No purchaser at any sale made by the Trustee or person dealing with the Trustee is obliged to see to the application of any money or property paid or delivered to the Trustee or to inquire into the expediency or propriety of, or the authority of the Trustee to enter into and consummate, any transaction.

U. <u>Documents</u>. The Trustee may execute and deliver any deeds, conveyances, assignments, leases, contracts, stock or security transfer powers, or any other written instrument of any character appropriate to any of the powers or duties herein conferred upon the Trustee.

V. <u>Powers Cumulative</u>. Except as herein otherwise provided, the powers conferred upon the Trustee shall not be construed as a limitation of any authority conferred by law, but as in addition thereto.

## ARTICLE VIII.

### Definitions and General Provisions

A. <u>Statutory References</u>. All statutory references include subsequent amendments and corresponding provisions of any subsequently enacted laws.

B. <u>Precedence of Trust</u>. This trust shall take precedence over any existing law or statute concerning incapacitated persons or their property, and this trust shall continue in full

force and effect until terminated or revoked as provided herein, notwithstanding the appointment of a guardian of the estate of the Beneficiary.

C.  <u>Binding Effect</u>. This trust agreement shall extend to and be binding upon the heirs, executors, administrators, legal representatives, and successors of the parties.

D.  <u>Consideration of Requests of the Beneficiary or Legal Guardian</u>. The Trustee shall confer with the Beneficiary, or the Beneficiary's legal guardian or other legal representative if the Beneficiary is an incapacitated person, from time to time concerning the needs of the Beneficiary and shall consider (but shall not be bound by) the requests of the Beneficiary or the Beneficiary's legal guardian or other legal representative, as the case may be, concerning the administration of the trust, including, but not limited to, the investment and distribution of the trust assets.

E.  <u>Inception of Trust</u>. This trust shall become effective upon (1) the entry of the decree to which this trust agreement is attached, (2) the transfer of any portion of the property described on Schedule A to the Trustee, and (3) the Trustee's acceptance of the trust which shall be evidenced by the signature below of the appropriate officer of the Trustee.

SIGNED this _____ day of _____, 2020.


_____
JUDGE PRESIDING


Capital First Trust Company, Trustee, accepts the trust created by this Trust Agreement, and covenants to faithfully discharge all duties of the Trustee hereunder.

CAPITAL FIRST TRUST COMPANY

By: _____
Name: Chris Foregger
Its:   Trust Officer

STATE OF WISCONSIN §
§
COUNTY OF MILWAUKEE §

BEFORE ME, the undersigned authority, on this day personally appeared CHRIS FOREGGER, known to me to be the person and officer whose name is subscribed to the foregoing instrument and acknowledged to me that the same was the act of the said CAPITAL FIRST TRUST COMPANY and that he executed the same as the act of CAPITAL FIRST TRUST COMPANY for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 22ᴺᴰ day of October, 2020.

[SEAL] (Notary seal: CHRISTINA SCHIEK, NOTARY PUBLIC, STATE OF WISCONSIN)

Notary Public in and for the State of Wisconsin

My commission does not expire.

**EXHIBIT A**

Page 15 of 16

SCHEDULE A

TO THE

DUCKHEE LEE SPECIAL NEEDS TRUST

Initial Assets:

The net recovery realized and payable on behalf of Duckhee Lee (after payment of attorney's fees, case development expenses, outstanding medical bills, pending subrogation claims and agreed allocations to Irene Lee and Adrian Lee) as a result of the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, pending In the United States District Court for The Western District of Texas San Antonio Division; Duckhee Lee, Irene Lee, and Adrian Lee, Individually and on Behalf of the Estate of Jungsoon Lee v. United States of America; Civil Action No. 5:18-CV-00088-JKP. This net cash recovery is within the meeting of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.