IN THE UNITED STATES DISTRICT FOR
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DUCKHEE LEE, IRENE LEE**, and **ADRIAN LEE**, individually and on behalf of the Estate of **JUNGSOON LEE**<br><br>Plaintiffs<br><br>vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>Defendant | No. 5:18-cv-00088-JKP |

# PLAINTIFFS' SUPPLEMENTAL AUTHORITY

The Court set for hearing the Guardian Ad Litem's Motion to Enter a Trust. Dkt. No. 56. In this supplemental brief, Plaintiffs would show that this Court has the legal and factual basis to enter a trust.

1. *Legal Basis*

First, the Court has the legal basis under Texas law to enter a trust for the benefit of Mr. Lee. Specifically, any court having jurisdiction may enter a trust after "finding that the creation of a trust would be in the best interests of the beneficiary." Tex. Prop. Code § 142.005(a). Federal Courts, using section 142.005, routinely establish special needs trusts for the benefit of disabled individuals. *E.g., ReliaStar Life Insurance Company v. Wiemer*, No. 4:17-

cv-771-KPJ, 2018 WL 6028704, at *3 (E.D. Tex. Nov. 16, 2018); *Wilson v. Ford Motor Co.*, No. 3:10-CV-00874, 2011 WL 13229011 (N.D. Tex. Nov. 2, 2011); *Griffith v. Nance*, No. A.401–CV–0093–A, 2003 WL 21246068 (N.D. Tex. Mar. 6, 2003).

And Texas federal courts in FTCA cases have created trusts in this situation. *E.g.*, *Lee v. United States*, No. 5:08-cv-531-OLG (W.D. Tex. Apr. 23, 2015) (establishing a special needs trust following a judgment). Likewise, federal courts across the country in FTCA cases will create trusts for the benefit of a disabled individual. *E.g.*, *Jordan v. United States*, No. 3:15-cv-1199-BEN-NLS, at 6–7 (S.D. Cal. Jan. 10, 2018) (Dkt. No. 74) (same); *A.M.L. v. Cernaianu*, No. LA CV12-06082 JAK (RZx), 2014 WL 12588992, at *5–6 (C.D. Cal. Apr. 1, 2014) (establishing a special needs trust under the California probate code); *Farley v. United States*, No. 1:13-cv-261-LM (D.N.H. Apr. 23, 2015) (establishing a special needs trust following a judgment for adult man).

2. *Factual Basis*

Second, this Court has the factual basis to enter a trust for Mr. Lee's benefit. Here, the Court-appointed Guardian Ad Litem authored his report after reviewing the case file and an interview with the family. Dkt. No. 44. Mr. Bage reviewed the fee schedule and details of the Trust Company and found the fees to be reasonable and backed by trusted institutions. *Id.* at 2 ¶ 1A. He also attached the customary fees to his report. *Id.* at 44.

Moreover, Mr. Bage found that Mr. Lee will have the need for a trust due to his injuries. *Id.* at 5. And the facts of this case support his conclusion. Mr. Lee suffered a severe traumatic brain injury that has caused him permanent deficits that interfere with his activities of daily living. These include

memory, balance, vision, and hearing issues. Further, individuals like Mr. Lee face significant long-term consequences. For example, a mild traumatic brain injury without loss of consciousness is associated with a more than 2-fold increase in the risk of dementia as a patient ages.[1] That risk increases to nearly 4-fold for a moderate-to-severe TBI, like Mr. Lee's. *Id.* at E1. Numerous peer-reviewed journal studies support the conclusion that individuals—particularly older individuals—that suffer traumatic brain damage will go on to suffer dementia.[2]

Currently, Mr. Lee's son manages his finances and supports him. Given Mr. Lee's injuries, the Guardian Ad Litem, the family, and Plaintiffs' counsel believe that long-term management of these settlement proceeds would be best served by an institutional trustee who has a fiduciary obligation to manage it for the best interests of Mr. Lee.

Respectfully Submitted,

/s/ Tom Jacob
**JAMAL K. ALSAFFAR**
jalsaffar@nationaltriallaw.com
Texas State Bar #24027193

---

[1] Deborah E. Barnes, et al., *Association of Mild Traumatic Brain Injury with and Without Loss of Consciousness with Dementia in U.S. Military Veterans*, 75-9 J. Am. Med. Assoc. Neurology 1055 (2018), *available at* https://jamanetwork.com/journals/jamaneurology/article-abstract/2679879.

[2] *E.g.*, Raquel C. Gardner, et al., *Dementia Risk After Traumatic Brain Injury vs Nonbrain Trauma: the Role of Age and Severity*, 71-12 J. Am. Med. Assoc. Neurology 1490 (2014) ("moderate to severe TBI at 55 years or older … had an increased risk of developing dementia"), *available at* https://jamanetwork.com/journals/jamaneurology/article-abstract/1919070; Yi-Kung Lee, et al., *Increased Risk of Dementia in Patients with Mild Traumatic Brain Injury: A Nationwide Cohort Study*, 8-5 PLoS One e62422 (2013), *available at* https://journals.plos.org/plosone/article?id=10.1371/journal.pone.0062422.

**TOM JACOB**
tjacob@nationaltriallaw.com
Texas State Bar #24069981
**WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB PLLC**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

**GUY CHOATE**
gdchoate@webbstokessparks.com
Texas State Bar #04212410
**WEBB, STOKES & SPARKS, L.L.P.**
314 W Harris Ave
San Angelo, TX 76903-6339
(325) 718-2048 (o)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature above, I certify that a copy of Plaintiffs' Supplemental Authority has been sent to the following on November 18, 2020 via the Court's CM/ECF notice system and regular mail.

> **CLAYTON R. DIEDRICHS**
> Assistant U.S. Attorney
> clayton.diedrichs@usdoj.gov
> **MATTHEW M. MUELLER**
> Assistant United States Attorney
> matthew.mueller@usdoj.gov
> **U.S. ATTORNEY'S OFFICE**
> 601 N.W. Loop 410, Suite 600
> San Antonio, TX 78216-5597
>
> Attorneys for Defendant